IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BAC LOCAL UNION 15 WELFARE FUND, a Trust Fund, et al., | ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 6:18-CV-03281-MDH ) |
| SHIELD WEATHERPROOFING & RESTORATION, LLC, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiffs' Motion for Contempt. (Doc. 10). Plaintiffs asks the Court to hold Defendant Shield Weatherproofing & Restoration, LLC and its registered agent/owner Amanda Weddle in contempt of the Court for failing to respond to the Court's that Defendant submit to an accounting of its records for the purpose of calculating Plaintiffs' damages. (Doc. 9). The Clerk of the Court has already entered default against Defendant. (Doc. 8).

The Court entered its previous order on November 20, 2018. Plaintiffs sent by certified mail notice of the Court's Order to Defendant on that same day, fifty days ago (Doc. 11-2), yet Defendant has not responded. (Doc. 11-2). Under Fed. R. Civ. P. 70(e), the Court may hold a disobedient party in contempt. The Court finds that Defendant has disobeyed the Court's Order and will grant Plaintiffs' Motion as it applies to Shield Weatherproofing & Restoration, LLC.

Amanda Weddle is the registered agent and owner of Shield Weatherproofing & Restoration. She is not a party to this suit. However, "a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 507 (8th Cir. 2000). Plaintiffs attempted to

notify Amanda Weddle of the Court's Order in the same letter used to notify Defendant. Plaintiff moves for a contempt order against Amanda Weddle because, as the registered agent/owner of Defendant Shield Weatherproofing & Restoration, she had notice of the Order and was responsible for ensuring that her company complied with it.

After careful review of the record, the Court notes that Plaintiffs erred when they attempted to give notice of the Court's prior order to Amanda Weddle. In every letter addressed by Plaintiffs to Amanda Weddle, she is wrongly identified as Amanda "Weddell." The Court has no doubt that this error is clerical in nature, and does not reflect a serious confusion on Plaintiffs' part regarding the identity of Shield Weatherproofing & Restoration's owner. However, "The contempt power is a most potent weapon, and therefore it must be carefully and precisely employed." *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998) (citing *Mahers v. Hedgepeth*, 32 F.3d 1273, 1275 (8th Cir. 1994). The Court lacks the power to hold in contempt a non-party that has not been given proper notice of the order they are responsible for ensuring compliance with. *Chicago Truck Drivers*, 207 F.3d, at 507. And without evidence that Amanda Weddle has been properly addressed, the Court cannot pretend that the contempt power, if wielded against her, would be carefully or precisely employed. Consequently, the Court will deny Plaintiffs' Motion for Contempt as it applies to Amanda Weddle.

The Court hereby **ORDERS** that Shield Weatherproofing & Restoration, LLC, be held in contempt of the Court. Plaintiffs have leave to refile a Motion for Contempt against Amanda Weddle if and when she is given proper notice of the Court's prior order.

**IT IS SO ORDERED.**

DATED: January 9, 2019.

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE**